```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN H. HAMMOND

                Plaintiff,         1:17-cv-00155-MAT
     -v-                           DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____
```

**INTRODUCTION**

Johnathan H. Hammond ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings, and Defendant's motion is denied.

**PROCEDURAL BACKGROUND**

On April 29, 2014, Plaintiff protectively filed an application for DIB alleging disability as of October 3, 2013, due to posttraumatic stress disorder ("PTSD"), sleep apnea, shoulder

tendonitis, lumbar spine degenerative disc disease, post head concussion injury, traumatic brain injury ("TBI"), and left and right wrist strain. Administrative Transcript ("T.") 147-48. The claim was initially denied on July 30, 2014. T. 193-95. At Plaintiff's request, a hearing was conducted on September 2, 2015, in Buffalo, New York by administrative law judge ("ALJ") Bruce R. Mazzarella. Plaintiff appeared with his attorney and testified. T. 63-102. ALJ Mazzarella issued an unfavorable decision on December 18, 2015. T. 158-77. Plaintiff appealed the decision to the Appeals Council, which vacated the hearing decision and remanded the claim for further consideration and development. T. 178-82.

On April 19, 2016, Plaintiff appeared with his attorney and testified at a second hearing before ALJ Robert Harvey in Buffalo, New York. An impartial vocational expert ("VE") also testified. T. 103-45. ALJ Harvey issued an unfavorable decision on May 20, 2016. T. 17-43. On January 4, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's decision. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

ALJ Harvey applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that

Plaintiff met the insured status requirements of the Act through December 31, 2018. T. 22.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 3, 2013, the alleged onset date. T. 23.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: obesity, PTSD, depression, fibromyalgia, anxiety, headaches, diabetes, and degenerative disc disease of the lumbar spine. The ALJ found Plaintiff's medically determinable impairments of sleep apnea and gastroesophageal reflux disease were non-severe. T. 23. The ALJ further found that while Plaintiff alleged having lupus and a traumatic brain injury, the medical record did not support a finding these were medically determinable impairments. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listings 1.04 (Lumbar Spine Impairment), 12.04 (Affective Disorders), 12.06 (Anxiety-Related Disorders), and 12.09 (Substance Addiction Disorders).[1] T. 24. The ALJ also considered Plaintiff's obesity pursuant to the criteria set in Social Security Regulation ("SSR")

---

[1] The Listing sub-categories have been updated since the ALJ rendered his decision. The sub-categories referenced in the ALJ's decision were those effective at the time the decision was rendered. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, effective Aug. 12, 2015 to May 23, 2016.

3

02-01p and Plaintiff's fibromyalgia pursuant to the criteria set in SSR 12-2p. T. 23-24.

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations: cannot work in areas with unprotected heights or work around heavy, moving, or dangerous machinery; occasional limitations in bending, climbing stairs and ramps, stooping, squatting, kneeling, balancing and crawling; cannot climb ropes, ladders or scaffolds; occasional limitations in the ability to handle (gross manipulations); occasional limitations in the ability to finger (fine manipulations); occasional limitations in the ability to feel (skin receptors); occasional limitations in the ability to understand, remember, and carry out detailed instructions; occasional limitations in the ability to maintain attention and concentration for extended periods; and occasional limitations in the ability to interact appropriately with the general public. T. 26.

At step four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work as a tow truck driver, fuel oil delivery driver, emergency medical technician ("EMT"), car lot attendant, and automobile salesperson. T. 35. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are

4

jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of: stuffer and envelope addresser. T. 36. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172,

5

179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ erred by failing to weigh the opinion evidence of physician's assistant Alice M. Barber; and (2) the ALJ failed to support his decision with substantial evidence when he failed to cite jobs that Plaintiff could perform given the assessed RFC. For the reasons discussed below, the Court finds the ALJ failed to properly evaluate the opinion of physician's assistant Barber and failed to support his step five finding with substantial evidence. Accordingly, the Court finds that remand of this matter for further administrative proceedings is required.

**I. Failure to Properly Evaluate the Opinion of Physician's Assistant Alice M. Barber**

On October 8, 2014, physician's assistant ("PA") Alice M. Barber completed a Disability Benefits Questionnaire as part of Plaintiff's application for disability benefits through the U.S. Department of Veterans Affairs ("VA"). T. 1117-75. The questionnaire focused on Plaintiff's hernias (T. 1117-20); sleep apnea (T. 1120-23); shoulder and arm conditions (T. 1123-34); wrist conditions (T. 1135-44); back conditions (T. 1144-54); knee and lower leg conditions (T. 1154-65); and foot conditions (T. 1165-75). PA Barber performed in-person examinations of Plaintiff for each condition, documented her findings, supplemented those

6

findings with available diagnostic testing and reports from Plaintiff's file, and opined as to the functional impact of each of Plaintiff's conditions on his ability to work.

Of note, the examination of Plaintiff's wrists showed a limited range of motion in all areas, bilaterally, including palmar flexion and dorsiflexion. T. 1139-40. PA Barber stated Plaintiff had bilateral functional impairments of the wrists, including less movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement, with localized tenderness or pain on palpation of joints/soft tissue. T. 1141. PA Barber opined that Plaintiff's significant pain with use of both wrists significantly limited his use of his wrists and hands, and thus limited any work, including sedentary work. T. 1143. PA Barber also reported Plaintiff's back had a significantly limited range of motion in all areas upon examination. Specifically, forward flexion was to 44 degrees, extension was to 16 degrees, right lateral flexion was to 16 degrees, left lateral flexion was to 11 degrees, right lateral rotation was to 5 degrees, and left lateral rotation was to 8 degrees. T. 1146-47. Plaintiff was unable to perform repetitive-use testing with three repetitions due to pain. PA Barber stated Plaintiff had functional impairments in his back due to less movement than normal, weakened movement, excess fatigability, incoordination, pain on movement, instability of station, disturbance in locomotion, lack of endurance, and

7

significant muscle spasms with range of motion. T. 1148. PA Barber also reported Plaintiff had positive straight leg raising tests, bilaterally. T. 1150. PA Barber opined Plaintiff's severe back pain with limited sitting, standing, and walking prevented him from being able to perform even sedentary work. T. 1153. The ALJ made no mention of PA Barber's opinions or her examination findings in his decision. This was error.

As a threshold matter, the Court notes that "[w]hile an ALJ may consider evidence from a PA, such a source is not an 'acceptable medical source' and therefore cannot constitute a 'treating source.'" *Evans v. Colvin*, 649 F. App'x 35, 38 (2d Cir. 2016) (citing 20 C.F.R. §§ 404.1502, 404.1513(d)(1)). Accordingly, "an ALJ is not required to defer to such a source under the source rule, but merely consider that opinion as with any other probative evidence." *Id*. at 39 (citing *Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008)). Nonetheless, opinions from such "other" sources must be considered by the adjudicator, as the regulations require the Commissioner to "consider all relevant evidence in the case record when [making] a determination or decision about whether [an] individual is disabled." Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *4 (S.S.A. Aug. 9, 2006). Notably, SSR 06-03p explains:

> [w]ith the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse

> practitioners, physician assistants, and
> licensed clinical social workers, have
> increasingly assumed a greater percentage of
> the treatment and evaluation functions
> previously handled primarily by physicians and
> psychologists. Opinions from these medical
> sources, who are not technically deemed
> "acceptable medical sources" under our rules,
> are important and should be evaluated on key
> issues such as impairment severity and
> functional effects, along with the other
> relevant evidence in the file.

*Id.* at *3. Thus, under the Commissioner's own policy ruling, the ALJ was required to consider PA Barner's extensive opinion. *See* SSR 06-03p. Furthermore, "where the unconsidered evidence is significantly more favorable to the claimant than the evidence considered", as here, remand is required. *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010).

The Commissioner argues the VA's disability findings are not binding on the Commissioner and thus, the ALJ was not required to consider PA Barber's opinion where the decision was otherwise supported by substantial evidence. *See Lohnas v. Astrue*, 510 App'x 13 (2d Cir. Jan. 31, 2013) ("Because the Commissioner is not bound by another agency's disability determination, and because the Commissioner's decision was supported by substantial evidence, any alleged failure by the ALJ to consider fully the *disability determination* by the Department of Veterans Affairs does not affect our decision to affirm.") (emphasis added). However, Plaintiff is not disputing the ALJ's decision to give "little" weight to the VA's one hundred percent disability rating or the ALJ's evaluation

9

of the determination. *See* T. 35. Instead, Plaintiff contends PA Barber's medical opinion was entitled to evaluation and that the ALJ erred when he failed to do so. The Court agrees. *See* SSR 06-03p; *Krawczyk v. Berryhill*, No. 1:17-cv-01311-MAT, 2019 WL 244491, at *4 (W.D.N.Y. Jan. 17, 2019) ("The fact that [plaintiff's treating physician's assistant] is not an 'acceptable medical source' does not provide the ALJ with license to simply disregard his opinion."). PA Barber's position with the VA does not diminish the fact that her objective medical findings and medical opinion on Plaintiff's functional capabilities are part of the medical record and are entitled to a deliberate and documented evaluation by the ALJ. Accordingly, the Court finds that the ALJ erred by failing to include PA Barber's medical findings and opinion in the decision, and that remand of this matter for further administrative proceedings is therefore warranted.

**II. The ALJ's Step Five Finding is Not Supported by Substantial Evidence**

Plaintiff also contends that the ALJ failed to support his decision with substantial evidence when he failed to cite jobs that Plaintiff could perform given the assessed RFC. Specifically, Plaintiff argues that: (1) the job of "stuffer," as defined by the Dictionary of Occupational Titles ("DOT") and last updated in 1977, is inconsistent with the ALJ's determination Plaintiff would only be able to perform one or two-step tasks, and therefore should not be considered at step five of the analysis; (2) the VE grossly

10

exaggerated the number of "stuffer" jobs available in the national economy; (3) the job of "envelope addresser", which was last updated in the DOT in 1977, has likely been consumed by the more recently updated job of "general clerk"; and (4) as defined by the DOT, the job of "envelope addresser" is beyond Plaintiff's ability to perform only one or two-step tasks.

In response, the Commissioner argues that: (1) Plaintiff's reliance on the DOT job descriptions is misplaced; (2) the VE provided particularized testimony that an individual who was limited to one or two-step tasks could perform the job of stuffer; (3) the ALJ did not actually determine Plaintiff could only perform only one or two-step tasks; (4) the numbers Plaintiff relied on to discredit the VE's testimony do not include the job of "toy stuffer" and (5) the currentness of the DOT information is irrelevant because the regulations expressly authorize the Commissioner to rely upon the DOT and furthermore, the VE testified she relied on several sources as a basis for her testimony. For the reasons set forth below, the Court finds remand for further administrative proceedings on this basis is warranted.

### A.  The VE's Hearing Testimony

At the hearing, the VE testified that a hypothetical individual with the same RFC, age, education, and work experience as Plaintiff would be able to perform the unskilled job of stuffer, DOT code number 731.685-014 and that "[t]here are 381,760 full time

11

jobs in the national economy." T. 140-41. The VE further testified the hypothetical individual would also be able to work as an envelop addresser, DOT code number 209.587-010 and that there are "81,200 full time jobs in the national economy." T. 141.

   **B.   The Job Numbers Given by the VE Were for Broad Job Categories and Thus, Do Not Constitute Substantial Evidence**

Plaintiff argues the VE's testimony that there are 381,760 jobs in the national economy for the job of "stuffer" is inaccurate and thus cannot serve as support for the ALJ's step five finding. Plaintiff further asserts that The Bureau of Labor Statistics' Occupational Employment Statistics ("OES") from May 2014 lists exactly 381,760 jobs for the *entire occupational group* of "Packaging and Filling Machine Operators and Tenders," which includes over seventy separate job listing and would include the job of "stuffer".[2] Accordingly, Plaintiff argues, it was inappropriate for the VE to testify there were 381,760 jobs in the national economy for the specific job of "stuffer." The Court agrees. *See Johnston v. Barnhart*, 378 F. Supp.2d 274, 283 (W.D.N.Y. 2005) (remanding where the VE testified to numbers in broad categories of jobs that included positions other than the two positions the VE identified plaintiff was capable of performing); *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 WL 4140613, at *4

---

[2]Plaintiff's Reply Memorandum of Law ("Pl.'s Rep.") at #6 cites https://www.bls.gov/oes/2014/may/oes519111.htm.

(W.D.N.Y. Aug. 30, 2018) (finding broad "OES categories, which include a range of DOT job codes that do not necessarily correlate with a claimant's specific RFC, are not considered substantial evidence in this Circuit, unless the VE has clearly established that the numbers provided do not include positions which a claimant is unable to perform."); *Marvin v. Colvin*, No. 3:12-cv-1779(GLS), 2014 WL 1293509, at *10 (N.D.N.Y. Mar. 31, 2014) (finding a VE's testimony which pertained to a broad range of positions, including jobs the claimant could not perform based on the RFC, did not constitute substantial evidence).

Similarly, the ALJ improperly relied on the VE's testimony that there were 81,300 "envelope addresser" jobs in the national economy. The OES from May 2014 has 81,300 jobs for the entire "Word Processors and Typists" occupational group, which Plaintiff suggests would contain the position of "addresser."[3] This too was error. *See Johnston*, 378 F. Supp.2d at 283. The Court finds the numbers the VE provided for both the jobs of stuffer and envelope addresser are part of broader job categories and do not properly represent the positions Plaintiff could perform, based on his RFC determination. *See Peach,* 2018 WL 4140613, at *4. Accordingly, the Court finds that the ALJ's step five finding is not supported by substantial evidence and thus, remand is required.

---

[3] Plaintiff's Reply Memorandum of Law ("Pl.'s Rep.") at #6 cites https://www.bls.gov/oes/2014/may/oes439022.htm

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 7) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 9) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                S/Michael A. Telesca
                                      _____
                                        MICHAEL A. TELESCA
                                        United States District Judge

Dated:    March 27, 2019
             Rochester, New York